UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Veotis Harding, | ) | C/A No. 5:12-cv-01213-JMC-KDW |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| John W. Owens, | ) | |
| Respondent. | ) | |

On May 8, 2012, Petitioner Veotis Harding ("Petitioner" or "Harding"), filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Motion to Dismiss filed on November 30, 2012. ECF No. 18. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) the court advised Petitioner on December 3, 2012, of the dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 19. On January 3, 2013, Petitioner filed a response in opposition to Respondent's motion. ECF No. 22. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion to Dismiss, ECF No. 18, be granted.

I. Factual and Procedural Background

Petitioner is presently confined in Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. ECF No. 1. On October 21, 2002, Petitioner entered a guilty plea to

conspiracy to commit interstate transportation in aid of racketeering (Count One);[1] interstate transportation in aid of racketeering and aiding and abetting (Counts Two to Eighteen); conspiracy to commit concealment and promotional money laundering (Count Nineteen); money laundering to promote the carrying on of the specified unlawful activity (Counts Twenty to Thirty-One); and money laundering with the intent to disguise the nature, source, ownership, and control of the proceeds (Counts Thirty-Two to Thirty-Five). ECF No. 18-1 at 2-3. Petitioner was sentenced to 40 years imprisonment. *Id.* at 3. Petitioner appealed his conviction and sentence; Petitioner's conviction was affirmed but his case was remanded for re-sentencing. ECF No. 1 at 4. On remand, Petitioner was sentenced to 330 months imprisonment. ECF No. 18-1 at 4. Petitioner appealed his new sentence which was affirmed by the Fourth Circuit. *Id.* Petitioner did not file a Petition for Writ of Certiorari with the United States Supreme Court. *Id.* On September 25, 2008, Petitioner filed a motion seeking an extension of the time to file a 28 U.S.C. § 2255 motion that was denied as untimely on November 5, 2008. ECF No. 1 at 2. Petitioner did not file a § 2255 motion. ECF No. 22 at 4.

II. Discussion

A. Federal Habeas Issues

Petitioner filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on May 8, 2012, and raises the following issue, quoted verbatim:

> GROUND ONE: The law has changed with regards to the term "proceeds" under a Supreme Court case (i.e., United States Vs. Santos)[2] making petitioner not guilty of money laundering for paying the expenses of an illegal criminal activity.

---

[1] The Grand Jury returned a 35-count indictment against Petitioner on July 9, 2002 in the Eastern District of North Carolina. ECF No. 18-1 at 2.
[2] In *United States v. Santos*, 553 U.S. 507 (2008), a plurality of the Supreme Court limited the term "proceed" in the federal money laundering statute to profits. *Id.* at 523. The Court held that because the term was ambiguous, the rule of lenity applied, and thus forfeitures applied to profits and not receipts. *Id.*

2

> Supporting Facts: See attached Memorandum of Law in Support of Petitioner's 28 U.S.C. § 2241 Petition.
>
> STATEMENT OF CLAIM: Petitioner was charged by the indictment for paying the expenses of an illegal criminal activity (i.e., prostitution). Under United States Vs. Santos, the Supreme Court has determined a new substantive rule that makes the Petitioner's action non-criminal as charged in the indictment.

ECF No. 1 at 5-7. Petitioner asks that the court "vacate, set-aside, or correct the conviction for money laundering and re-sentence Petitioner accordingly." *Id.* at 7.

### B. Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

### C. Analysis

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of

[an inmate's] detention." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate or ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Respondent moves to dismiss Petitioner's case arguing that Petitioner cannot show that a § 2255 motion is "inadequate or ineffective." ECF No. 18-1 at 5. Respondent argues that Petitioner cannot meet the second prong of the three-prong test in *In re Jones* because "the substantive law has not changed subsequent to his direct appeal and first § 2255 motion." *Id.* at 6. Respondent argues that because Petitioner has never filed a § 2255 motion, nor has he collaterally attacked his conviction or sentence, he therefore cannot demonstrate that § 2255 is "inadequate or ineffective." *Id.* at 6-7. Respondent avers that Petitioner's motion to extend the time to file a § 2255 motion, filed on September 25, 2008, is insufficient to satisfy the second prong of *In Re Jones*. *Id.* at 7. Respondent acknowledges that the one-year statute of limitations applicable to Petitioner filing a § 2255 motion based on the *Santos* and *Halstead*[3] decisions has

---

[3] Respondent notes that the *Santos* decision was decided on June 2, 2008, and *United States v. Halstead*, 634 F.3d 270 (4th Cir. 2011), which retroactively applied *Santos* to collateral review, was decided on March 7, 2011. *Id.* at 7.

4

expired; however, Respondent contends that the expiration of the one-year statute of limitation for § 2255 motions does not make a § 2255 motion "inadequate or ineffective." *Id.* at 7.

Petitioner contends that he meets the *In Re Jones test* for demonstrating that a § 2255 motion is "inadequate or ineffective" arguing that:

> at the time of his conviction and sentencing, settled law – established that Counts 19 through Counts 35 of his indictment constituted crimes of money laundering as defined under 18 U.S.C. § 1956's statute. Harding also satisfies the <u>second</u> requirement because after he was convicted and sentenced, the Supreme Court decided <u>Santos</u>, which changed the law substantially in regards to how a defendant <u>cannot</u> stand convicted money laundering for merely paying "expenses" in connection to the underlying crime.

ECF No. 22 at 3 (emphasis in original). Petitioner argues he filed a motion to extend his time to file a § 2255 motion three months after *Santos* was decided, but because the *Santos* court did not declare its decision to be retroactive, he did not file a § 2255 motion. *Id.* at 4. Petitioner argues, however, that he filed his § 2241 petition within one year after the Fourth Circuit determined in *Halstead* that *Santos* applied retroactively on collateral review. *Id.* Petitioner also argues that his motion seeking to extend the time to file a § 2255 petition brings him within the one-year time period following *Santos*. *Id.* Petitioner contends that he acted in "good faith" and "can not be procedurally barred on claims of actual innocence." *Id.* at 5. Petitioner argues that he "is entitled to file a habeas corpus petition in the district of his confinement pursuant to § 2241 because he had no reasonable opportunity, either when he was convicted and appealed, or later when he could have filed his first §2255 motion for post-conviction relief, to challenge the legality of his conviction under §1956 then interpretation of money laundering." *Id.* at 8. Petitioner contends that "the law was so firmly against him that it would have been futile to challenge such." *Id.*

The undersigned finds that Petitioner is unable to the meet the three-prong test outlined in *In Re Jones* to establish that a motion under § 2255 is inadequate or ineffective to test the legality his conviction. The undersigned finds that Petitioner fails to satisfy the second prong of *In Re Jones* and show that "subsequent to [his] direct appeal and first § 2255 motion" the substantive law changed such that the conduct of which Petitioner was convicted is deemed not to be criminal. Petitioner never filed a § 2255 motion to vacate. Although Petitioner filed a motion to extend the time to file a § 2255 motion following the Supreme Court decision in *Santos*, that motion to extend does not qualify as a first § 2255 motion as is required under *In Re Jones*. Further, to the extent that Petitioner argues that his § 2255 remedy is inadequate or ineffective because his "one year window to file a § 2255 motion" has expired, this argument is without merit. The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d at 333; *In re Vial*, 115 F.3d at 1194 n. 5 (finding that a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective"). The undersigned finds that Petitioner fails to meet the *In Re Jones* standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction, therefore his claims cannot be addressed under § 2241, and the undersigned recommends that his petition be dismissed.

The undersigned further finds that even if the court could construe Petitioner's § 2241 petition as a motion to vacate under § 2255 it would still be untimely. Petitioner argues that he filed his § 2241 petition, dated April 5, 2012, ECF No. 1 at 7, on April 25, 2012, ECF No. 22 at 1. The petition was received by the Clerk's office on May 7, 2012, and docketed May 8, 2012. *See* ECF No. 1. Even if the court were to consider the petition on the earliest possible date, the

6

date signed, because *Halstead* was decided on March 7, 2011, Petitioner's § 2241 petition still falls outside the one-year statute of limitations for bringing a § 2255 petition by 29 days. *See* 28 U.S.C. § 2255(f).

In his response, Petitioner, for the first time, argues that if the court determines that he is not entitled to relief under § 2241, the court should find that he is entitled to relief under 28 U.S.C. § 1651(a) through a writ of error *coram nobis* or through a writ of *audita querela*. ECF No. 22 at 8-10. "A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *See Chaidez v. U.S.,* 133 S.Ct. 1103, 1106 (2013). Writs of *audita querla* are used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arise after its rendition. *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991).

Here, Petitioner is obviously in custody pursuant to his convictions, and therefore, the writ of *coram nobis* is not available. Further, a writ of *audita querela* is not available to Petitioner because he has other avenues of relief available, such as a motion to vacate under 28 U.S.C. § 2255. *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *see also Barber v. United States*, No. 03-6076, 2003 WL 1735261, at *1 (4th Cir. Apr. 2, 2003) (finding that "a writ of *audita querela* was not available because [Petitioner] could have raised his claims in a motion under 28 U.S.C. § 2255) (unpublished per curiam opinion). That Petitioner may not be able to proceed under § 2255 does not alter this conclusion. *See Wilkes v. Warden, FCI-Edgefield*, No. 9:12-3046-TLW-JDA, 2012 WL 6104734, at *4 (D.S.C. Nov. 21, 2012) (finding that a Petitioner does not have a remedy under a common law writ because he is barred from seeking relief pursuant to § 2255).

7

Case 5:13-hc-02212-BO   Document 24   Filed 04/30/13   Page 7 of 8

III.     Conclusion

For the reasons discussed above, it is recommended that Respondent's Motion to Dismiss, ECF No. 18, be granted and the petition dismissed. It is further recommended that Petitioner's request for relief under any of his alternative theories be denied.

IT IS SO RECOMMENDED.

April 30, 2013
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**